THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Randy Govan, Appellant,
 v.
 South Carolina Department
 of Corrections, Respondent.
 
 
 

Appeal from the Administrative Law Court
 John D. McLeod, Administrative Law Court
 Judge
Unpublished Opinion No. 2011-UP-029   
Submitted January 1, 2011  Filed January
 26, 2011
AFFIRMED

 
 
 
 Randy Govan, pro se, for Appellant.
 Christopher D. Florian, of Columbia, for Respondent.
 
 
 

PER CURIAM: Randy Govan
 appeals the Administrative Law Court's (ALC) order dismissing
 his inmate grievance appeal.  Govan argues the ALC erred in determining (1) he
 was afforded minimal due process in his prison disciplinary action and (2) the
 Department of Corrections's (the Department) decision was supported by
 substantial evidence.  We affirm.[1]
1.  We hold the ALC correctly
 dismissed Govan's appeal regarding his denial of due process claim.  First, minimal
 due process in the prison disciplinary context does not require the Department
 to provide a written statement explaining why the hearing officer did not find
 specific evidence credible.  See Wolff v. McDonnell, 418 U.S.
 539, 564 (1974) (requiring only a "'written statement by the factfinders
 as to the evidence relied on and reasons' for the disciplinary action"
 (citation omitted)).  The record of Govan's hearing, in which the hearing
 officer acknowledges the evidence presented by Govan, serves as an adequate written
 statement.  
Second,
 Govan's allegation that the hearing officer was biased lacks merit.  An
 adjudicator in an administrative proceeding is entitled to a "presumption
 of honesty and integrity."  Withrow v. Larkin, 421 U.S. 35, 47
 (1975).  Furthermore, the Fourth Circuit has held "actual bias or a high
 probability of bias must be present before due process concerns are
 raised."  Marshall v. Cuomo, 192 F.3d 473, 484 (4th Cir. 1999).  Here,
 the hearing officer was one of many defendants in a federal civil rights
 action, and Govan fails to explain what his claim was and specifically why the
 hearing officer's alleged bias would violate the minimal due process required
 in the prison disciplinary context.  Minimal due process tolerates these facts
 in light of the Department's institutional needs.
2.  We hold the ALC
 properly found substantial evidence existed for the hearing officer to find Govan guilty of threatening a prison
 officer.  The only fact disputed at the hearing was what Govan said to the prison
 officer, and the hearing officer relied on the prison officer's account.  See S.C. Code Ann. § 1-23-610(B)(e) (Supp. 2009) (requiring the reviewing court to
 affirm if the finding is "clearly erroneous in view of the reliable,
 probative, and substantial evidence on the whole record"); Al-Shabazz
 v. State, 338 S.C. 354, 380, 527 S.E.2d 742, 756 (2000) ("Substantial
 evidence is relevant evidence that, considering the record as a whole, a
 reasonable mind would accept to support an administrative agency's
 action.").
AFFIRMED.
FEW, C.J., SHORT and WILLIAMS, JJ., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.